**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cr-20073-KMM

UNITED STATES OF AMERICA

v.

RISHI KAPOOR,

      Defendant.

_____/

## ORDER ON APPEAL OF THE MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR PRETRIAL DETENTION

THIS CAUSE came before the Court upon Defendant Rishi Kapoor's ("Defendant") Appeal of Detention Order. ("Appeal") (ECF No. 35). Therein, Defendant appeals Magistrate Judge Marty Fulgueira Elfenbein's Order at (ECF No. 15) ("Detention Order"), wherein she ordered Defendant be detained pending trial. The Government responded in opposition to the Appeal, ("Resp." or "Response") (ECF No. 39), and Defendant replied in support, ("Reply") (ECF No. 42). The Appeal is now ripe for review. As set forth below, the Appeal is DENIED and Magistrate Judge Elfenbein's Detention Order is affirmed.

On March 12, 2026, Magistrate Judge Elfenbein posted her Detention Order, which followed a detention hearing she held on March 6, 2026. *See generally* Detention Order; (ECF No. 12). At the detention hearing, Magistrate Judge Elfenbein heard argumentation and evidence, including testimony, and reviewed the Government's exhibits in reaching her decision. *See generally* (ECF No. 20) ("H.T." or "Hearing Transcript"). Magistrate Judge Elfenbein found it was proper to detain Defendant pending trial based on "a serious risk that [Defendant] will flee if released[.]" Detention Order at 1 (citing 18 U.S.C. § 3142(f)(2)). Now before this Court is Defendant's Appeal, seeking to overturn the Detention Order.

In deciding this appeal of a magistrate judge's detention order, this Court must undertake a *de novo* review of the factual posture of the case. *See United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988) (citation omitted). "[T]he district court has two options." *Id.* at 490. First, "on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct." *Id.* "The court may then explicitly adopt the magistrate's pretrial detention order[,]" obviating the need for a district court to "prepare its own written findings of fact and statement of reasons supporting pretrial detention." *Id.* "[W]hen a motion to revoke or amend a pretrial detention order attacks only the magistrate's legal conclusion that pretrial detention is necessary, and no factual issues remain unresolved, the district court need not enter findings of fact when adopting the magistrate's pretrial detention order." *Id.*

Alternatively, if the district court "determines that additional evidence is necessary or that factual issues remain unresolved, the court may conduct an evidentiary hearing for these purposes." *Id.* In that case, the district court would be required to enter written factual findings and written reasons supporting its decision. *See id.* If the district court concludes that the additional evidence does not affect the validity of the magistrate's findings and conclusions, "the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order." *Id.* at 490–91.

Here, the Court has carefully considered Magistrate Judge Elfenbein's Detention Order, the pleadings, and the evidence developed at the detention hearing—including both testimony presented therein and exhibits introduced by the Government, (ECF Nos. 19–20). The Court concludes that Magistrate Judge Elfenbein's factual findings are supported and that her legal

conclusions are correct. *King*, 849 F.2d at 490. She strongly weighed the following factors: that the weight of evidence against Defendant is strong; that he is subject to a lengthy period of incarceration if convicted; that he lacks significant ties to the South Florida community; that he has significant ties outside of the United States; and that he lacks a stable residence or stable employment. Detention Order at 3. Further, Magistrate Judge Elfenbein considered each of the 18 U.S.C. § 3142(g)[1] factors, as she was required to do, and found that the Government had met its burden under a preponderance of the evidence standard, which is the right standard to apply in a pretrial detention determination. *Id.* at 4–6; *see United States v. Quartermaine*, 913 F.2d 910, 915 (11th Cir. 1990) (finding the Government must prove a risk of flight by a preponderance of the evidence); 18 U.S.C. § 3142(g). Therefore, the Court "determine[s] that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct." *King*, 849 F.2d at 490. The Court finds that no factual issues remain unresolved, and so it is not necessary to "conduct an evidentiary hearing[.]" *King*, 849 F.2d at 490.

It would be allowable under *King* for the Court to end its analysis there, *id.*, but the Court nevertheless briefly summarizes why it finds that pretrial detention is appropriate. First, the Court finds that the nature and circumstances of the offense are serious, as the Government has represented that Defendant could face as many as 262 months in prison if he is convicted at trial. Resp. at 11. Such a serious potential sentence, longer even than what Magistrate Judge Elfenbein contemplated in her Detention Order, provides Defendant with a strong incentive to flee. *United States v. Allen*, 891 F. Supp. 594, 598 (S.D. Fla. 1995); *see also United States v.*

---

[1] The Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

3

*Khusanov*, 731 F. App'x 19, 21 (2d Cir. 2018) ("[A] defendant facing a potentially lengthy prison sentence possesses a strong motive to flee."). Although Defendant argues that his sentence "could be as low as six or seven years," Reply at 13, the Court finds that he reaches this calculation by making many leaps, and finds that the realistic potential of a significantly longer sentence would still be enough to incentive Defendant to flee. This is especially true given the strength of the evidence in this case. Here, the Government has charged Defendant with thirty-seven counts pertaining to different fraud schemes relating to his real estate development company. (ECF No. 3). The Government put forth exhibits, argumentation, and testimony at the detention hearing, tending to show the strength of their case. *See, e.g.*, H.T. at 22–28, 69–70.[2] Where the weight of the evidence is substantial, it "suggests that Defendant poses a risk of flight, because a defendant facing overwhelming evidence has a greater incentive to flee than a defendant facing a weaker case." *United States v. Ingram*, 415 F. Supp. 3d 1072, 1082 (N.D. Fla. 2019) (citing *United States v. Al-Arian*, 280 F. Supp. 2d 1345, 1358 (M.D. Fla. 2003)). Therefore, the Court agrees with Magistrate Judge Elfenbein that each of the first two § 3142 factors support pretrial detention.

---

[2] At the pretrial detention hearing, Defendant only offered evidence (in the form of testimony elicited during cross-examination) that challenged a small amount of the charges against him. *See generally* H.T. In his Reply, Defendant now offers arguments as to many of the other charges in the indictment. *See generally* Reply. However, the Court may not consider arguments raised for the first time in a reply brief. *See, e.g.*, *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005); *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (per curiam); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999).

Further, in as much as the Government erred by referring to this case as one involving a Ponzi scheme, *see* Appeal at 13, the Court reassures Defendant that its determination here is not based on that misstatement.

The Court finds that Defendant's history and characteristics also support pretrial detention. Defendant has no strong ties to the Southern District of Florida, as he was living in an extended-stay hotel when he was detained and as his family lives in Atlanta, Georgia. H.T. at 33, 93. Defendant's access to substantial financial resources through his father make him a flight risk. *See* (ECF No 19-6) at 64 (quoting Defendant's father as stating $8 million "would be very insignificant to [him]"); *see also United States v. Kachkar*, 701 F. App'x 744, 747 (11th Cir. 2017) (noting that access to financial resources must be considered under § 3142). Further, the Court must consider the fact that Defendant and his wife took their yacht to the Bahamas for around four months shortly after Defendant's company received a subpoena from the SEC. H.T. at 29. Although Defendant returned when subpoenaed and no longer has access to his yacht, *id.* at 51, this history of leaving the country when learning of potential legal challenges is hard for the Court to ignore. This is all the more true given Defendant's wife's ties to the Bahamas, as she is a realtor who advertises herself as having properties available in the Bahamas. *Id.* at 31; (ECF No. 19-8). Although Defendant explains that his wife has not returned to the Bahamas or any other Caribbean island recently, the Court finds that these ties—and especially the prior trip to the Bahamas while being investigated by the SEC—weigh towards a finding that Defendant is a flight risk. Defendant's various explanations and attempts to downplay these ties and his father's financial resources (and willingness to use those resources on his son) are noted, but the Court finds there is clear and convincing evidence this § 3142 factor also weighs towards a finding that he is a flight risk.

As for the final § 3142 factor, the Court finds that the nature and seriousness of the danger posed by the defendant's release is minimal. With no evidence raised arguing he is a risk to the community, the Court finds this factor weighs against a finding that Defendant is a

flight risk. Nevertheless, with three of the four factors weighing towards a finding that Defendant is a flight risk, the Court finds Defendant is a flight risk pursuant to 18 U.S.C. § 3142(f)(2)(A).

Accordingly, UPON CONSIDERATION of the Appeal, the pertinent portions of the record, and being otherwise advised of the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Appeal (ECF No. 35) is DENIED and that Magistrate Judge Elfenbein's Detention Order (ECF No. 15) is AFFIRMED.

DONE AND ORDERED in Chambers at Miami, Florida this __8th__ day of May, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: all counsel of record

6