**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-CR-20073-MOORE/ELFENBEIN**

**UNITED STATES OF AMERICA**

**vs.**

**RISHI KAPOOR,**

**Defendant.**
______________________________/

# PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (this "Office") and Rishi Kapoor (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to two counts in the Indictment. The Defendant agrees to plead to Count 10, which charges the Defendant with money laundering, in violation of Title 18, United States Code, Section 1957. The elements of Section 1957 are: (a) the Defendant knowingly engaged or attempted to engage in a monetary transaction; (b) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity; (c) the property had a value of more than $10,000; (d) the property was in fact proceeds of wire fraud (18 U.S.C. § 1343); and (e) the transaction took place in the United States. PATTERN CRIM. JURY INSTR. 11TH CIR. O74.6 (September 2025). The Defendant also agrees to plead guilty to Count 13, which charges the Defendant with conspiring to commit an offense against the United States, specifically, defrauding the United States, in violation of 18 U.S.C. § 371. The elements of this charge are: (a) two or more persons in some way agreed to try to accomplish a shared and unlawful plan; (b) the Defendant knew the unlawful purpose of the plan and willfully joined in it; (c) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as

described in the indictment; and (d) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy. PATTERN CRIM. JURY INSTR. 11TH CIR. O13.6 (September 2025).

2. This Office agrees to seek dismissal of the remaining counts of the Indictment, as to this Defendant, after sentencing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may vary from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but it is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. As to Count 10, the Defendant understands and acknowledges that the Court may

impose a statutory maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to three years. The Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or twice the value of the laundered funds resulting from the offense and will order forfeiture and restitution as applicable.

5. As to Count 13, the Defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. The Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000 or twice the gain or loss resulting from the offense and will order forfeiture and restitution as applicable.

6. Pursuant to 18 U.S.C. § 3663A, the Defendant agrees to make full restitution to all victims of the offenses charged in the indictment. Further, the Defendant agrees to pay restitution to any of his victims for the entire scope of his criminal conduct, including all relevant conduct. As to Count 10, the Defendant understands and agrees that the amount of restitution owed is at least $70,336,889.20, joint and several with his co-conspirators. As to Count 13, the Defendant understands and agrees that the amount of restitution owed to the Internal Revenue Service ("IRS")

is at least $800,000 to the Internal Revenue Service ("IRS"), joint and several with co-conspirators. The Defendant also understands that this restitution agreement does not preclude any individual from receiving restitution required under the law.

7. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 per count will be imposed on the Defendant. *See* 18 U.S.C. § 3013. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

8. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will move the Court for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty,

thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed as to Count 10 (money laundering):

a. Base Offense Level: The Defendant's base offense level for the underlying offense form which the laundered funds were derived (Wire Fraud, 18 U.S.C. § 1343) is six (6), in accordance with Section 2B1.1(a)(2);

b. Loss: The Defendant's offense level shall be increased by twenty-four (24) levels because the relevant amount of actual, probable, or intended loss under Section 2B1.1(b)(1)(L) of the Sentencing Guidelines resulting from the offense committed in this case is more than $65,000,000 and less than $150,000,000;

c. 10 or more victims: The Defendant's offense level shall be increased by two (2) levels under Section 2B1.1(b)(2) because the offense involved 10 or more victims;

d. Sophisticated Means: The Defendant's offense level shall be increased by two (2) levels under Section 2B1.1(b)(10) because the offense involved sophisticated means and the Defendant intentionally engaged in or caused the conduct

constituting sophisticated means.

e. 1957 Conviction: The Defendant's offense level shall be increased by one (1) level under Section 2S1.1(b)(2)(A) for a conviction under 18 U.S.C. § 1957.

f. Role in the Offense: The Defendant's offense level shall be increased by two (2) levels pursuant to U.S.S.G. § 3B1.1(c) because the Defendant was an organizer, leader, manager, or supervisor in the criminal activity.

TOTAL OFFENSE LEVEL COUNT 1 – UNADJUSTED 37

g. Acceptance of Responsibility: Subject to paragraph 9, the Defendant's offense level shall be decreased by three (3) levels pursuant to Sections 3E1.1(a) and 3E1.1(b) of the Sentencing Guidelines because the Defendant has clearly demonstrated acceptance of responsibility for his offense and assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty.

TOTAL OFFENSE LEVEL COUNT 1 – ADJUSTED 34

11. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed as to Count 13 (conspiracy to commit an offense against the United States, that is payroll tax fraud):

a. Applicable Guidelines: The cross-reference in U.S.S.G. § 2T1.6(b)(1) applies because the offense involved embezzlement by withholding tax from an employee's earnings and willfully failing to account to the employee for it.

b. Base Offense Level: The Defendant's base offense level is six (6), pursuant to U.S.S.G. § 2B1.1(a)(2).

c. Loss: The Defendant's offense level shall be increased by fourteen (14) levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), because the loss was between $550,000 and $1,500,000;

d. Victims: The offense level shall be increased by two (2) levels because it involved ten or more victims, pursuant to U.S.S.G. § 2B1.1(b)(2)(A); and

e. Role in the Offense: The Defendant's offense level shall be increased by two (2) pursuant to U.S.S.G. § 3B1.1(c) because the Defendant was an organizer, leader, manager, or supervisor in the criminal activity.

TOTAL OFFENSE LEVEL COUNT 13 – UNADJUSTED 24

f. Acceptance of Responsibility: Subject to paragraph 9, the Defendant's offense level shall be decreased by three (3) levels pursuant to Sections 3E1.1(a) and 3E1.1(b) of the Sentencing Guidelines because the Defendant has clearly demonstrated acceptance of responsibility for his offense and assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty.

TOTAL OFFENSE LEVEL COUNT 13 – ADJUSTED 21

12. The Office and the Defendant agree to a variance of two levels from the guideline range for Count 10 calculated under the current Guidelines Manual (to reflect the 2-level reduction currently contemplated in 2B1.1(b)(1)), in exchange for the Defendant's express agreement that he will not later seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) after November 1, 2026, when pending amendments to Section 2B1.1(b)(1) are schedule to become effective (triggering a two-level reduction for the agreed upon loss in this case). The Defendant understands and agrees that this provision is not binding on the Court or the U.S. Probation Officer, and the

Court remains free to deny any variance requested by either party or jointly. If the Court does not grant the two-level variance requested based on the proposed amendment, then the Defendant shall be released from the above-described agreement relating to 18 U.S.C. § 3582(c).

13. The Defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable as to Count 10 and 13. The Office and the Defendant both agree to jointly recommend application of the above guidelines calculations as to Count 10 and 13, and that the applicable Guideline range is between 121 and 151 months, with 120 months being served on Count 10 and the remainder of the guideline range to be served consecutively on Count 13 pursuant to Section 5G1.2(d) of Sentencing Guidelines.

14. The Office and the Defendant agree that no party will seek any other enhancements, departures, or variances from the agreed upon recommended Sentencing Guideline range of 121 to 151 months. It is the Defendant's position that he should be sentenced at the low end of this guidelines range (a sentencing recommendation of 121 months). This Office agrees to recommend that the Defendant be sentenced in the middle of this guideline range (a sentencing recommendation of 136 months), provided that the Defendant complies in good faith with his obligations in this plea agreement, including the restitution agreement, and that the Defendant also assists the court-ordered receiver in *S.E.C. v. Kapoor*, 23-CV-20493, by providing information, documents, and any computer passwords, as requested.

15. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the

probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw the Defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

16. The Defendant agrees to cooperate with the IRS in its civil examination, determination, assessment, and collection of income taxes related to the Location Ventures entities' corporate tax returns for tax years 2017 through 2023, the Defendant's personal income tax returns for tax years 2017 through 2023, and any related corporate/entity returns. The Defendant further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The Defendant agrees to provide to the IRS any documentation in the Defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The Defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the Defendant's individual and corporate/entity tax liabilities concerning tax years 2017 through 2023. The Defendant agrees to prepare draft amended individual and corporate income tax returns for the tax years 2017 through 2023, by no later than the time of his sentencing. The Defendant also agrees to pay all taxes, interest, and penalties due and owing to the IRS, including all taxes, interest, and penalties on his individual liabilities for tax years 2017 through 2023.

17. The Defendant agrees to make full restitution as ordered by the Court, payable

immediately on such terms and conditions as the Court may impose, for the full amount of the losses caused by Defendant's relevant conduct in this case. Restitution payments will be apportioned to the victims set forth in paragraph 6 of this plea agreement and as otherwise ordered by the Court.

a. The Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

b. The IRS will use the amount of restitution ordered to the IRS as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

c. The Defendant is entitled to receive credit for restitution paid to the IRS pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to

another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the Defendant's obligation to pay any remaining civil tax liability. The Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

d. The Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

e. If full payment cannot be made immediately, the Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The Defendant also agrees to provide the above-described information to the probation office.

f. If the Defendant makes a payment of the restitution agreed to in paragraph 6 of this plea agreement prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 6.

g. The Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent to the Clerk of the Court at the following address:

Wilkie D. Ferguson, Jr.
U.S. Courthouse
400 North Miami Avenue
Miami, Florida 33128
Attn: Angela E. Noble

h. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the Defendant will provide the following information:

i. The Defendant's name and Social Security number;

ii. The District Court docket number assigned to this case;

iii. Tax periods for which restitution has been ordered; and

iv. A statement that the payment is being submitted pursuant to the District Court's restitution order.

i. The Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 Pershing Ave.
Kansas City, MO 64108

18. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, involved in the commission of the offense, in violation of 18 U.S.C. § 1957, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1)(A), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

a. a forfeiture money judgment in the sum of approximately $820,559 in U.S. currency, which sum represents the value of any property involved in the defendant's commission of the offense;

b. substitute property pursuant to 21 U.S.C. § 853(p), including, but not limited to: a 2.5 carat platinum ring in a platinum setting with accompanying gold bands.

19. The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

20. The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

21. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in

this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

22. The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the Defendant is pleading guilty are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

23. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

24. If the Defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement. The Defendant, however, may not withdraw the guilty plea entered pursuant to this

agreement;

b. The Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the Defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the Defendant, and all such information, statements, and leads derived therefrom may be used against the Defendant. The Defendant waives any right to claim that statements made pursuant to this agreement before, on, or after the date of this agreement, including Agreed Factual Basis for Guilty Plea accompanying this agreement or adopted by the Defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of federal law.

25. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 5/15/26 By: ______________________________
ELIZABETH YOUNG
DAYA NATHAN
ASSISTANT UNITED STATES ATTORNEYS

Date: 5/15/2026 By: ______________________________
DONALD SAMUEL
JANE RASKIN
FRED SCHWARTZ
COUNSEL FOR RISHI KAPOOR

Date: 5/15/26 By: ______________________________
RISHI KAPOOR
DEFENDANT