**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cr-20073-KMM-1

UNITED STATES OF AMERICA

v.

RISHI KAPOOR,

Defendant.
_______________________________________/

**PRELIMINARY ORDER OF FORFEITURE**

THIS CAUSE came before the Court upon the United States' Unopposed Motion for Preliminary Order of Forfeiture. (the "Motion") (ECF No. 55). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On March 3, 2026, a federal grand jury returned an Indictment charging Defendant Rishi Kapoor ("Defendant") in Count 10 with money laundering in violation of 18 U.S.C. § 1957(a), among other counts. ("Indictment") (ECF No. 3). The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1957, Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property. *See* Indictment at 33.

On May 15, 2026, the Court accepted Defendant's guilty plea to Counts 10 and 13[1] of the Indictment. *See* ("Minute Entry") (ECF No. 46); ("Plea Agreement") (ECF No. 48) ¶ 1; ("Report and Recommendation on Change of Plea") (ECF No. 49); ("Order Adopting Report and Recommendation on Change of Plea") (ECF No. 51). As part of the guilty plea, Defendant agreed to the entry of a forfeiture money judgment against him in the amount of $820,559.00 and the

[1] The United States is not seeking forfeiture as to Count 13.

forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), including, but not limited to: a 2.5 carat platinum ring in a platinum setting with accompanying gold bands ("Ring"). Plea Agreement ¶ 18. As shown in Count 11 of the Indictment, the Ring was purchased for $28,405.50.

In support of the guilty plea, Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support Defendant's conviction. *See* ("Factual Proffer") (ECF No. 47). The Factual Proffer also provided a basis for the forfeiture of property. *See id.* ¶ 15.

According to Defendant's Factual Proffer, Defendant was a resident of Miami-Dade County Florida, in the Southern District of Florida. *Id.* ¶ 1. Location Ventures was a Miami-based real estate company that purported to invest in the development of single-family homes, condominiums, and mixed use properties, primarily in the Southern District of Florida. *Id.* Location Ventures had numerous subsidiaries and affiliated project level companies ("Location Ventures Projects"). *Id.* ¶ 3. Defendant served as the manager over the Location Ventures Projects. *Id.*

Defendant sold approximately 70 pre-construction condominium units to buyers through Location Ventures Projects. *Id.* ¶ 8. The Florida Condominium Act mandated how developers like Defendant could use money collected as deposits for condominiums before the construction was substantially completed. *Id.* Defendant agreed to follow the provisions of the Florida Condominium Act. *Id.*

Defendant, through Location Ventures and the Location Ventures Projects, raised investor money through fraud, including by: 1) falsely inflating the amount of his initial capital contributions in Location Ventures; 2) personally misappropriating investor money in excess of what he agreed to be paid in the operating agreements and concealing the misappropriations from investors on financial records; 3) misusing investor money for specified Location Ventures

Projects on other projects; 4) misrepresenting to escrow agents that he was using excess ten percent deposits on permissible construction costs when he was not; 5) falsely representing to investors that he was paying the payroll taxes of his employees to the IRS; and 6) misusing construction loans to buy out an investor who discovered some parts of the fraud. *Id.* ¶ 11. Defendant and other co-conspirators made many of these false and misleading representations to investors via interstate wire, including over company email accounts. *Id.*

Defendant misappropriated investor money, including to purchase a yacht via a $820,599 Fedwire transfer, which was funded by proceeds of the wire fraud scheme. *Id.* ¶ 15.

Based on the record in this case, the total value of the property involved in Count 10 is $820,599.00 which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

The United States has also not been able to locate all of the directly forfeitable property. The yacht, which is the subject of Count 10 of the Indictment, was returned to a secured lender through a foreclosure proceeding. *See Unibank for Savings v. M/Y Suneeta II, et al*, 9:23-CV-81411-DMM, (ECF Nos. 111–12). Thus, it is clear that the directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property, and the following property should be forfeited to satisfy the forfeiture money judgment: a 2.5 carat platinum ring in a platinum setting with accompanying gold bands.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is GRANTED, and it is hereby ORDERED that:

1. Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $820,599.00 is hereby entered against Defendant.

2. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America: a 2.5 carat platinum ring in a platinum setting with accompanying gold bands.

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. Pursuant to 21 U.S.C. § 853(g), no party other than the United States may sell, alienate, alter title, or otherwise dispose of the forfeited property absent further Court order.

5. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

6. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant.

8. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further ORDERED that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed.

Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of July, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE