**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-CR-20073-MOORE**

**UNITED STATES OF AMERICA**

**vs.**

**RISHI KAPOOR,**

**Defendant.**
_____________________________________________/

**UNITED STATES OF AMERICA'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files Objections to the Presentence Investigation Report ("PSR") [ECF No. 54].

**Paragraph 166: Application of 5G1.2**

As set forth in Paragraphs 134 and 137 of the PSR, Defendant Rishi Kapoor's total offense level is 34, and his criminal history category is I, resulting in a guideline range of 151 to 188 months. Paragraph 166 of the PSR incorrectly states that the guideline range is capped at 125 months (the United States believes the PSR intended to state that the range is 120 months, corresponding to the statutory maximum of Count 10). Proper application of the United States Sentencing Guidelines ("USSG"), including, specifically, Section 5G1.2, dictates that the guideline range across both counts of conviction is 151 to 180 months, capped by the aggregate statutory maximum of 180 months (120 months as to Count 10 and 60 months as to Count 13) as opposed to the statutory maximum of Count 10 alone.[1] *See United States v. Adleta*, 573 F. App'x 891, 892-93 (11th Cir. 2014) (where defendant was convicted of two counts of 18 U.S.C. § 2251(e), each of which had a statutory maximum of 30 years, and where guideline range was

---

[1] The 151 to 180 month range is before the two-level variance agreed to in Paragraph 12 of the Plea Agreement [ECF No. 48]. Should the Court grant that variance, the guideline range would be 121 to 151 months.

life, under USSG § 5G1.2(d) the 30–year terms for Counts 1 and 2 should run consecutively, resulting in a final guideline range of 60 years imprisonment).

Additionally, because Defendant's guideline range of 151 to 188 months is greater than the count with the highest statutory maximum (120 months on Count 10), Defendant's sentence on Count 13 shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. USSG § 5G1.2(d); *see also* Application Note 1 to Section 5G1.2 ("If no count carries an adequate statutory maximum [to permit imposition of the total punishment as the sentence on that count], consecutive sentences are to be imposed to the extent necessary to achieve the total punishment.").

Defendant's guideline range is 151 to 188 months. The combined statutory maximum sentence of imprisonment is 180 months. Accordingly, the guideline range is 151 to 180 months, and the Court should impose a sentence of 120 months as to Count 10, and the remaining sentence (up to the statutory maximum of 60 months) on Count 13, to run consecutively. *See United States v. Pon*, 963 F.3d 1207, 1241-42 (11th Cir. 2020) ("We have interpreted § 5G1.2(d) to require 'multiple sentences to be served consecutively if the sentence specified by the guidelines is longer than the sentence authorized for any individual count of conviction.'" (citing *United States v. Pressley*, 345 F.3d 1205, 1213 (11th Cir. 2003)); *cf. United Stated v. Stewart*, 190 F.3d 389, 391-92 (5th Cir. 1999) (where aggregate statutory maximum was 15 years (five years as to Count One and ten years as to Count Two), affirming sentence of 92 months' imprisonment (sixty months as to Count One and a consecutive 32 months as to Count Two) as

being "in accordance with the Sentencing Guidelines" even though recommended guideline range was based entirely on the conduct for Count One).[2]

**Paragraph 167: Impact of Plea Agreement**

As noted in Paragraph 167 of the PSR (and elsewhere), in Paragraph 12 of the Plea Agreement [ECF No. 48], the parties agreed to seek a downward variance of two levels to reflect the two-level reduction contemplated by the pending amendments to the Section 2B1.1(b) loss guidelines, scheduled to take effect on November 1, 2026. Should the Court grant that variance, Defendant's total offense level would be 32 and his guideline range would be 121 to 151 months.

Paragraph 167 of the PSR errs in stating that Defendant would be sentenced to 121 months (120 months as to Count 10 and one month as to Count 13).

As set forth in Paragraphs 13 and 14 of the Plea Agreement, the United States will recommend that Defendant be sentenced in the middle of the 121 to 151-month guideline range (a recommendation of 136 months). Should the Court follow the United States' recommendation, Defendant would be sentenced to 120 months as to Count 10 and 16 months (not one month) as to Count 13.

**Paragraph 112: Post-Arrest Statements**

Neither Kapoor nor Motha made any post arrest statements.

**Paragraph 198: Financial Conditions**

The Financial Condition relating to NOAA's Damage Assessment and Response Fund does not apply to this case.

[2] The United States confirmed its' interpretation with the United States Sentencing Commission. The United States will provide to the Probation Office the contact information of the individual with whom it spoke.

**Typographical Errors**

The following pages or paragraphs contain typographical errors:

- Insertion of "Location Ventures" in the middle of another word—the confidential box on page 1; paragraphs 4 (bullets 3 and 4), 5 (bullets 1 and 4), 9 (bullet 3), 10 (bullet 1), 22, 49, 58, 82, 98 (bullet 6), 158 (bullets 1 through 5), 159, 162
- Paragraph 5 (bullet 8)—total adjusted offense level for Count 13 should be 21
- Paragraph 20—should state Controller 1 "was" a coconspirator
- Paragraph 122—repeat of clause containing § 2X1.1(a)
- Paragraph 144—"Kappo" should state Kapoor
- Paragraph 147—"wight" should state eight

The United States requests that the Court sustain the United States' Objections as set forth herein.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: /s/ Daya Nathan
DAYA NATHAN
Assistant United States Attorney
Florida Bar No. 74392
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel.: (305) 961-9147
Fax: (305) 530-7976
Email: daya.nathan@usdoj.gov